# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

JOSEPH AUSBERRY,

     Plaintiff,

v

STEFANIE THEBERGE and
PRINCESS VAN LINES,

     Defendants.

Case No. ~~2025-NI~~ 25-1087-NI
Hon.

Hon. Richard N. LaFlamme
P32641

SIGNIFIÉ LE

___/___/___,___hrs   400
26.9.2024   /

| THE MARK SISSON LAW FIRM, PLLC |
|---|
| MATTHEW F. BOEHRINGER (P79332) |
| Attorneys for Plaintiff |
| 30200 Telegraph Rd. Ste. 102 |
| Bingham Farms, MI 48025 |
| (248) 829-3088/ Fax: (734) 655-9045 |
| mboehringer@marksissonlaw.com |
| lmorey@marksissonlaw.com |

2025 MAY -1  PM 12: 34  FILED

A civil case arising out of this incident was previously filed in Jackson County Circuit Court,
Case Number 23-752-NI.

**PLAINTIFF'S COMPLAINT**

    NOW COMES the Plaintiff, JOSEPH AUSBERRY, through his attorneys, THE MARK

SISSON LAW FIRM, PLLC, by MATTHEW F. BOEHRINGER, and for his cause of action

against the above-named Defendants, STEFANIE THEBERGE and PRINCESS VAN LINES,

states unto this Honorable Court as follows:



## GENERAL ALLEGATIONS

1.    Plaintiff, JOSEPH AUSBERRY, upon information and belief, is a resident of the Township of Brownstown, County of Wayne, State of Michigan.

2.    Defendant, STEFANIE THEBERGE, an individual, living in the Province of Québec, Nation of Canada.

3.    Defendant, PRINCESS VAN LINES, a foreign corporation, is licensed to conduct business in the County of Jackson, State of Michigan and is conducting business in the County of Jackson, State of Michigan

4.    The original injury occurred in the Township of Sandstone, County of Jackson, State of Michigan.

5.    Plaintiff's claims including future damages and the amount in controversy in this litigation exceed the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney fees.

## COUNT I

## NEGLIGENCE

6.    Plaintiff adopts and incorporates by reference each and every allegation contained in the General Allegations of this Complaint as if more specifically set forth herein, word for word and paragraph by paragraph.

7.    That on or about the 11th day of May, 2022, Plaintiff, JOSEPH AUSBERRY, was the operator of the vehicle on Interstate 94 in the Township of Sandstone, County of Jackson, State of Michigan.

8.    That on or about the aforementioned place, date, and time, the Defendant, STEFANIE THEBERGE, was the operator of motor vehicle which said Defendant was driving in a carelessly, recklessly, and grossly negligent manner when she did did not yield to Plaintiff,



MARK SISSON
LAW FIRM

2

striking Plaintiff's vehicle causing causing serious and permanent injuries to your Plaintiff as hereinafter alleged.

9.    That on or about the aforementioned place, date, and time, the Defendant, PRINCESS VAN LINES, was the owner of the motor vehicle which said Defendant was driving in a carelessly, recklessly, and grossly negligent manner when they did strike the vehicle your Plaintiff was operating, causing serious and permanent injuries to your Plaintiff as hereinafter alleged.

10.    That it then and there became and was the duty of Defendant, to drive said motor vehicle with due care and caution in accordance with the statutes of the State of Michigan and the rules of the common law applicable to the operation of motor vehicles, but that, notwithstanding said duties, your Defendant did breach and violate the same in one or more of the following particulars:

     a.    Failing to observe the roadways;

     b.    Failing to maintain the vehicle;

     c.    Failing to observe pedestrians in the roadway;

     d.    Distracted driving via cell phone usage (MCL 257.602b(1)) & (MCL 257.602b(2))

     e.    Driving said motor vehicle on the highway at a speed greater than would permit her to bring it to a stop within the assured clear distance ahead, contrary to the provisions of MCL 257.627;

     f.    Driving at an excessive and unlawful speed;

     g.    Failing to drive said motor vehicle at a careful and prudent speed, not greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway and other conditions then and there existing;

     h.    Failing to keep a proper or any lookout for traffic when Defendant knew or should have known that



MARK SISSON
LAW FIRM

3

such failure would endanger the life and limb of other persons along and upon said highway;

i.  Driving a vehicle on a highway recklessly, with gross negligence and with willful or wanton dis-regard for the safety of others in violation of MCL 257.626 et. seq.

j.  Failing to have said automobile equipped with brakes adequate to control its movement and stop and hold it as required by MCL 257.705 or in the alternative, failing to use said equipment;

k.  In failing to keep said vehicle under control at all times relevant to this matter;

l.  In otherwise negligently failing to exert that degree of care, caution, diligence and prudence as would be demonstrated by a reasonably prudent person under the same or similar circumstances and in otherwise causing the injuries and damages to your Plaintiff as hereinafter alleged; and

m.  In other manners as yet unknown to Plaintiff but which will become known during the course of dis-covery.

11.  That as a direct and proximate result of the negligent acts and/or omissions on the part of Defendant, STEFANIE THEBERGE, your Plaintiff, JOSEPH AUSBERRY, was caused and will be caused in the future to suffer with severe, grievous and permanent personal injuries, disability, damages, serious impairment of bodily functions and permanent, serious disfigurement, the full extent and character of which are currently unknown but, which may include but, are not necessarily limited to the following:

a.  Injuries to the neck and back;

b.  Residual scarring and sequelae;

c.  Any and all other manners of internal and external injuries;

d.  Pain, suffering, discomfort, disability, and extreme physical and emotional suffering including but not limited to anxiety, major depressive disorder and


MARK SISSON
LAW FIRM

4

post-traumatic stress syndrome;

e.    Severe and continuing embarrassment, humiliation, anxiety, tension and mortification;

f.    Loss of the natural enjoyments of life;

g.    Aggravation of pre-existing conditions; and

h.    Damages in excess of those provided under the Michigan No-Fault Act.

12.    That as a direct and proximate result of Defendant's negligence and unlawful conduct, your Plaintiff has been required to undergo various and certain medical procedures and will be required to undergo like treatment in the future.

WHEREFORE, Plaintiff, JOSEPH AUSBERRY, prays that this Honorable Court award her damages against Defendants STEFANIE THEBERGE and PRINCESS VAN LINES in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which she is found to be entitled to receive, together with costs, interest and attorney fees.

Respectfully submitted,
THE MARK SISSON LAW FIRM, PLLC

*/s/  Matthew F. Boehringer*
THE MARK SISSON LAW FIRM
MATTHEW F. BOEHRINGER (P79332)
Attorneys for Plaintiff
30200 Telegraph Rd. Ste. 102
248-829-3088/ fax: 734-655-9045
mboehringer@marksissonlaw.com
Legal Assistant: lmorey@marksissonlaw.com



5

### Proof of Service

The undersigned certifies that the foregoing instrument was served upon the attorneys of record of all parties to the above cause by mailing same to them at their respective addresses (and/or facsimile numbers) as disclosed by the pleadings of record herein, on April 25, 2025.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

☐ U. S. Mail            ☐ Facsimile
☐ Hand Delivered        ☐ UPS
☐ Airborne Next Day Delivery    X E-filing

Signature        *Lindsey Morey*
                 Lindsey Morey


MARK SISSON
LAW FIRM

6

# NOTICE TO PLAINTIFF
## AND/OR PLAINTIFF'S ATTORNEY

1.   You must serve a copy of this notice and the case scheduling order with the summons and complaint.

2.   You must file a proof of service within 91 days showing that the case scheduling order has been served on the defendant.

3.   Failure to file a proof of service may result in dismissal or imposition of costs.

Honorable Richard N. LaFlamme
Circuit Judge

Copies of this notice and the case scheduling order were provided to the person who filed the complaint.

Dated: _5-1-25_

**Mary Christoff**
**Deputy County Clerk**
Deputy Court Clerk

25 - _1087-NI_

## CASE SCHEDULING ORDER (ND, NF, NI, NM, NO, NS and NZ)

| Event | Date | Time |
|---|---|---|
| ADR Pre-Trial | Friday, September 12, 2025 | 10:30 a.m. |
| Pre-Trial | Friday, June 5, 2026 | 10:30 a.m. |
| Trial | Monday, July 6, 2026 | 8:30 a.m. |

> **Additional information can be found at:**
> **https://www.mijackson.org/382/Honorable-Richard-LaFlamme**
> **Judge LaFlamme's Meeting ID Number: 929 993 7935**

1. **What is an ADR Pre-Trial?** Most Civil Cases are scheduled for an ADR Pre-Trial. The purpose is to establish a plan for Alternative Dispute Resolution. The parties and attorneys should consider the different types of ADR - Arbitration, Case Evaluation, Mediation, and determine when ADR should occur.

   Traditionally, most attorneys have selected Case Evaluation at the end of discovery. However, Case Evaluation across the State resolves only fifteen to twenty percent of the cases. Mediation reportedly resolves fifty to seventy-five percent of the cases. You do not need to accept one or the other. You can select both but you must decide which you want to do first.

   **Few attorneys come to court for the ADR Pre-Trial.** Some are conducted by phone but **most attorneys enter into a stipulation before the ADR Pre-Trial.** The ADR Stipulation is self-explanatory, and is available on my web page.    The Stipulated ADR Pretrial Order can be emailed to **dsherwood@mijackson.org**

   Select the ADR option that best suits your case. If you cannot reach an agreement, I will decide. You can amend an ADR Plan by stipulation. If an amended ADR Plan will affect a scheduled pretrial or trial date, you must show good cause. Failure by both parties to appear at the ADR Pre-Trial will be considered by the Court as a request for an immediate Trial date.

2. **Pretrial Conference.** The parties do not need to appear. **Attorneys are expected to be present either in-person or via Zoom (ID#929-993-7935).** This is NOT a settlement conference. Parties are encouraged to arrange mediation prior to the final pre-trial.

3. **Witness Disclosure.** All of plaintiff's witnesses must be disclosed four months from the date the Complaint was filed. All of defendant's witnesses must be disclosed five months from the date the Complaint was filed. Witness lists must be in the form provided by MCR 2.401(I) and shall be filed with the Court.

4. **Experts.** Challenges to expert testimony based on *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1973), MRE 702.4 or *Davis Fry, (People v Young)*, 418 Mich 1 (1983) must be filed and scheduled for hearing at least 28 days prior to the scheduled trial date. In a medical malpractice case, this also includes any challenge to an expert testimony based on MCL 600.2169. I will waive the 28 day requirement if a party can establish good cause for failing to comply.

5. **Discovery.** Discovery shall be completed eight months after the case is filed. The parties may extend discovery by written agreement between themselves, without the necessity of a Court Order, up to the date of the final pre-trial.

6. **Medical Examinations.** Any examination should be completed three months prior to trial and opposing counsel shall have one month from receipt of the report for a deposition. If the report is not exchanged within two months of trial the witness will not be allowed to testify.

7. **Exhibits.** Exhibits must be exchanged no later than three weeks prior to trial. If no objections are filed within seven days of trial, the exhibits will be admitted into evidence unless good cause is shown for the late objection. Each party submitting exhibits must file a Proof of Service listing the exhibits that have been exchanged, but the exhibits should <u>not</u> be filed with the Court. Any objection must refer to the specific exhibit and must set forth the reason for the objection. Any exhibits not disclosed will not be admitted and any objection not filed will be deemed waived, unless good cause is shown for the lack of compliance with this Order.

8. **Extending Deadlines.** Deadlines for witness disclosure for medical examinations, discovery, and exhibits may be extended by written stipulation provided the changes do not effect the pretrial or trial dates. The agreement should be in writing but does not have to be confirmed in a Court order.

9. **Motions for Summary Disposition.** If the motion is noticed for hearing less than 28 days prior to the trial date, it may not be decided until the conclusion of the trial. Motions are scheduled for a specific date to be arranged with the Judge's secretary by contacting her at (517) 768-2784 or dsherwood@mijackson.org. **Attorneys are expected to be present either in-person or via Zoom (ID#929-993-7935).**

10. **Jury Instructions.** Requested jury instructions shall be filed seven (7) days before trial, and a copy shall be e-mailed simultaneously in Word format to dsherwood@mijackson.org. Instructions shall be listed by title and number and shall specify those instructions to be given at the onset of the trial and those instructions to be given at the conclusion of proofs. Trial Briefs shall be filed by noon on the Friday before trial.

11. **Amending Case Scheduling Order.** A motion to amend shall be filed as soon as possible and shall contain proposed dates for modification and facts showing good cause. If all parties agree to amend the case scheduling order, you may submit a Stipulation & Order laying out the dates of modification, but leaving the pretrial and trial dates blank for the Court to fill in.

12. **Service of Case Scheduling Order.** The Plaintiff must serve this Order with the Summons and file a Proof of Service. If an attorney appears in this case after the issuance of this Order, Plaintiff shall serve a copy of this order on the attorney within 14 days of receipt of the attorney's Appearance and/or Answer.

13. **Motions.** When scheduling a motion, a Judge's copy of both the motion and notice of hearing should be sent directly to the Judge. Civil motions are heard on Fridays at 8:30 a.m. except that summary disposition or lengthy motions are scheduled for a specific date to be arranged with the Judge's secretary by contacting her at (517) 768-2784 or dsherwood@mijackson.org. Motions in Limine must be heard no later than the Friday before trial. **Original documents must be filed with the Jackson County Clerk's office, 1st floor-Jackson County Courthouse, 312 South Jackson Street, Jackson, MI 49201.** Please do not send your original documents directly to the Judge's Office/Secretary/Clerk unless otherwise directed.

14. **Trial Procedures.** If attorneys plan on publishing exhibits to the jury, they are expected to have individual copies for all jurors if practicable. Trial exhibits should be labeled prior to the start of the trial.

15. **Sanctions.** Failure of either party to comply with this Order, may result in sanctions against the offending party and/or counsel, including attorney fees, and may result in dismissal of the case or default.

16. **Decorum.** Attorneys, litigants, and witnesses are expected to dress appropriately for court. Shorts and tank tops are not considered appropriate attire for adults.

Honorable Richard N. LaFlamme
Circuit Court Judge

Updated 04/14/25

## ADR Pretrial Order

_____ vs. _____

**File No.** _____

The parties request that the following ADR be ordered for this case:

☐   Mediation (Facilitative)
    ☐   Scheduled immediately.
    ☐   Scheduled in the month of _____ after some discovery.
    ☐   Scheduled in the month of _____ after all of discovery.
        ☐   Facilitative mediator to be selected by the parties.
        ☐   Facilitative mediator to be selected by the ADR clerk.

☐   Community mediation may be heard by a non-attorney volunteer mediator arranged by the Southeastern Dispute Resolution Service, 211 W. Ganson Street, Suite 105, Jackson, MI  49201, phone: (517) 990-0279, email: mediation@sedrs.org.
    ☐   Community mediation to be conducted in the month of _____.

☐   Parties request that this ADR Pretrial be adjourned _____ months.

☐   The parties request an earlier trial date and will be ready for trial by _____.

☐   The parties agree that any ADR would be inappropriate in this case for the following reasons:

_____

_____

_____
Plaintiff or Plaintiff's Attorney

DATED: _____

_____
Defendant or Defendant's Attorney

DATED: _____

**IT IS SO ORDERED.**

_____
HONORABLE RICHARD N. LAFLAMME
Circuit Court Judge

DATED: _____